UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MARK ALBJERG,<br><br>Defendants. | Case No. 1:18-cr-00342-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is John Albjerg's Motion for a 2241(a) Temporary Restraining Order. Dkt. 54. Albjerg seeks release from FCI Sandstone due to his health conditions and the COVID-19 pandemic. The Government opposes the motion. Dkt. 56. On September 21, 2020, Albjerg filed a Motion to Amend as a Matter of Law. Dkt. 58. He does not identify what or how he wishes to amend, and the filing is mostly a reply to the Government's response. Albjerg's Motion to Amend, charitably construed, may be a request that the Court consider granting him compassionate release. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Albjerg pled guilty to attempted use of interstate facilities to transmit information about a minor and possession of child pornography. On September 19, 2020, he was sentenced to 78 months incarceration. Dkt. 46. Albjerg was arrested after contacting an undercover agent, who was posing as a 13-year-old girl. Dkt. 42. Albjerg went to the address provided by the undercover agent with condoms to have sex with her. After his arrest officers found photos and videos of child pornography on his cell phone.

Albjerg is incarcerated at FCI Sandstone, which has 6 inmates and 2 staff members with active cases of COVID-19. https://www.bop.gov/coronavirus/ (last accessed January 7, 2021). Albjerg has been incarcerated for approximately 13 months and is scheduled to be released on May 20, 2025. In his motion, Albjerg states that he attempted to request compassionate release, but prison staff told him not to try because he would not qualify. Dkt. 54.

Albjerg is 35 years old, obese, and has Type II Diabetes. These ailments put him at an increased risk of having severe symptoms if he contracts COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed January 7, 2021).

## ANALYSIS

To the extent Albjerg seeks a writ of habeas corpus under 28 U.S.C. § 2241, the Court does not have jurisdiction to entertain his motion. The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *see also Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980). Albjerg is incarcerated in Sandstone, Minnesota. A petition under § 2241 must be filed in the district where defendant is confined, which is the District of Minnesota, not the District of Idaho.

Even if Albjerg's motion is construed as a motion for compassionate release, it fails. The statute providing for compassionate release, 18 U.S.C. 3582(c)(1)(A), requires an inmate to exhaust his remedies before filing a motion. The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

Albjerg has not submitted a request to the Warden of FCI sandstone and therefore the Court cannot consider his motion. Even if it could, the Court would

deny the motion.

Before granting compassionate release, the Court is required to consider the § 3553(a) factors. § 3582(c)(1)(A). Albjerg has served only 13 months of his 78-month sentence. The § 3553(a) factors have not changed significantly since Albjerg was incarcerated and they do not warrant releasing him.

## ORDER

**IT IS ORDERED** that John Albjerg's Motion for a 2241(a) Temporary Restraining Order (Dkt. 54) is **DENIED**.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4