UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MARK ALBERG,<br><br>Defendant. | Case No. 1:18-cr-00342-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is John Albjerg's motion for compassionate release and for appointment of counsel. Dkt. 60. For the reasons stated below the Court will deny the motion.

# BACKGROUND

In 2020, Mr. Albjerg pled guilty to attempted use of interstate facilities to transmit information about a minor and possession of child pornography. He was sentenced to 78 months incarceration. Dkt. 46. Mr. Albjerg was arrested after contacting an undercover agent, who was posing as a 13-year-old girl. Dkt. 42. He went to the address provided by the agent with condoms to have sex with her. After his arrest officers found photos and videos of child pornography on his cell

phone as well as text messages with other minors.

Mr. Albjerg is incarcerated at FCI Lompoc in California. He has served about 37 months of his 78 month-sentence and is scheduled to be released on May 20, 2025. He previously requested compassionate release in late 2020. The Court denied the request as Mr. Albjerg did not qualify for compassionate release at that time. *Order* at 3–4, Dkt 59. Mr. Albjerg now makes a second request for compassionate release. He argues that he meets all of the criteria for release. The government opposes the motion. Dkt. 61.

## ANALYSIS

### A.   Motion to Appoint Counsel

Mr. Albjerg seeks the appointment of counsel to assist with his motion for compassionate release. *Motion* at 1, Dkt. 60. There is no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal as of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). Here, Mr. Albjerg does not identify any exceptional circumstances that warrant the appointment of counsel. While the Court recognizes the difficulties faced by pro se defendants while incarcerated, Mr.

Albjerg's motion is articulate and thorough. Accordingly, the Court will deny Mr. Albjerg's request for counsel.

### B.     Motion for Compassionate Release

Mr. Albjerg also requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted their administrative remedies. U.S.C. § 3582(c)(1)(A). If this exhaustion requirement is met, the Court then considers the 18 U.S.C. § 3553(a) sentencing factors. *Id*. The Court, however, may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *United States v. Aruda*, 993 F.3d 797, 800–01 (9th Cir. 2021) (quoting 18 U.S.C. § 3553(a)(2)(A)). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).

Mr. Albjerg states that he requested compassionate release from the Warden of FCI Lompoc, but did not receive a response after 30 days. Assuming the truth of the assertion, he has exhausted his administrative remedies and his motion is ripe for consideration. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Albjerg argues that "extraordinary and compelling" circumstances warranting release exist due to the

MEMORANDUM DECISION AND ORDER - 3

combination of his medical diagnoses, family needs, and his rehabilitation efforts. Even taken together, these circumstances do not rise to extraordinary and compelling.

Mr. Albjerg suffers from several medical conditions that he claims FCI Lompoc is unable to adequately manage. *Motion* at 6, Dkt. 60. Mr. Albjerg suffers from sleep apnea, type II diabetes, depression, and obesity. These conditions are not new to Mr. Albjerg as he suffered from most, if not all, of these conditions at the time he committed the offense and at his sentencing. That said, Mr. Albjerg argues that FCI Lompoc will not prescribe him Wellbutrin for depression, refuses to provide him with a CPAP machine for his sleep apnea, and has failed to provide him with 90-day blood tests or other accommodations for his type II diabetes.

The Court recognizes that not having proper accommodations is undoubtedly frustrating and in extreme cases, such mismanagement of serious conditions may warrant compassionate release. *See e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 580–81 (M.D.N.C. 2019) (granting compassionate release where facility grossly mismanaged an inmate's breast cancer treatment resulting in the spread of cancer). Generally, however, inadequate medical care does not make an individual eligible for compassionate release. *United States v. Miller*, No. 15-cr-00471-CRB-1, 2021 WL 2711728, at *4 (July 1, 2021). "The ordinary remedy for

**MEMORANDUM DECISION AND ORDER - 4**

ongoing, constitutionally inadequate care is an order that does 'not allow [such] constitutional violations to continue.'" *Id.* (quoting *Brown v. Plata*, 563 U.S. 493, 511 (2011)).

Mr. Albjerg's "[c]hronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances." *Id; see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019) (collecting cases where medical conditions warranted release including where inmates suffered from a terminal illness, had only a few months to live, or required 24/7 care). This is so even though, as Mr. Albjerg points out, some of these conditions—diabetes, depression, and obesity—may place him at a higher risk of contracting a viral illness. It is not clear whether Mr. Albjerg has been vaccinated against COVID and other viruses, but vaccines are widely available and current infection rates are quite low.[1] The risk of contracting COVID or another virus, at this time, does not constitute an extraordinary and compelling reason for release.

Mr. Albjerg also argues that his rehabilitative efforts and strong support system counsel in favor of release. Indeed, Mr. Albjerg intends to live with and

---

[1] The infection rate at FCI Lompoc is quite low as there are no active cases among staff or inmates. https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed Oct. 23, 2023).

**MEMORANDUM DECISION AND ORDER - 5**

care for his grandparents upon release. He has a job lined up and has worked to repair relationships in his communities. The extent of Mr. Albjerg's rehabilitative efforts are less clear. He claims to have "taken advantage of growth opportunities offered by the BOP." *Motion* at 5, Dkt. 60. He, however, does not specify which programs he has participated in and how those programs have prepared him to re-enter the community. The only concrete evidence he points to is that he has not received an incident report while incarcerated.

Nonetheless, Mr. Albjerg's rehabilitative efforts, support system, and medical conditions do not outweigh 18 U.S.C. § 3553(a) sentencing factors, which weigh against compassionate release. Mr. Albjerg communicated with an undercover agent, who he believed to be a thirteen-year-old girl, including requesting photos and the address of the minor. He then arrived with condoms at, what he believed was, the house of a 13-year-old girl intending to have sex with the minor. Upon his arrest, his phone revealed he had ongoing conversations with several other underage girls as well as child pornography. The Court determined that a 78-month sentence adequately reflected the seriousness of the offense, promoted respect for law, and provided just punishment. This also reflects that Mr. Albjerg was a first-time offender. That sentence was appropriate at the time and remains so today. Accordingly, the Court will deny Mr. Albjerg's motion for

MEMORANDUM DECISION AND ORDER - 6

compassionate release.

## ORDER

**IT IS ORDERED that** defendant's motion for compassionate release and to appoint counsel (Dkt. 60) is **DENIED without prejudice.**

DATED: October 30, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

compassionate release.

## ORDER

**IT IS ORDERED that** defendant's motion for compassionate release and to appoint counsel (Dkt. 60) is **DENIED without prejudice.**

DATED: October 30, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7